Michael S. Sorgen, Esquire (SBN 43107)
LAW OFFICES OF MICHAEL S. SORGEN
240 Stockton Street, Ninth Floor
San Francisco, CA 94108
Telephone: (415) 956-1360
Facsimile: (415) 956-6342

Anthony P.X. Bothwell, Esquire (SBN 200740)
LAW OFFICES OF ANTHONY P.X. BOTHWELL
350 Bay Street, Suite 100 PMB 314
San Francisco, CA 94133
Telephone: (415) 370-9571
Facsimile: (415) 362-5469

Attorneys for Plaintiff
MICHAEL KREUTZER

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KREUTZER, | Case No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS** |
| MITCH KATZ; BARBARA GARCIA; ALBERT DeRANEIRI; CITY AND COUNTY OF SAN FRANCISCO; and DOES 1-10, | 42 U.S.C. § 1983 |
| Defendants. | **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1. This complaint seeks relief for injury suffered as a consequence of Defendants' unlawful discharge of the Plaintiff in retaliation for his exercise of freedom of speech guaranteed by the First Amendment to the United States Constitution.

## II. JURISDICTION AND VENUE

2. This action arises under Title 42 of the United States Code, Section 1983 and particularly the First Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.

3. Venue is proper in the Northern District of California because the unlawful acts and practices alleged herein occurred in the City and County of San Francisco, within this judicial district.

## III. PARTIES

4. Plaintiff Michael Kreutzer, M.D. is a citizen and resident of the City and County of San Francisco.

5. Defendant Mitch Katz, M.D. was at all times pertinent to this Complaint the Director of Health of the City and County of San Francisco.

6. Defendant Barbara Garcia was at all times pertinent to this Complaint the Deputy Director of Health, of the City and County of San Francisco.

7. Defendant Albert DeRaneiri, M.D. was at all times pertinent to this Complaint the Medical Director of the Child Youth and Family Services (CYF Services) in the Department of Public Health ("DPH") of the City and County of San Francisco.

8. The City and County of San Francisco (the City) is a local government entity organized under the laws of the State of California.

9. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will

COMPLAINT FOR DAMAGES AND
REQUEST FOR INJUNCTIVE RELIEF         2
(CIVIL RIGHTS)

amend the complaint with their true names and capacities when ascertained.  Plaintiff is informed and believes thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were directly and proximately caused by these defendants.

10.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each defendant was the agent of the other defendants and in performing the acts herein alleged was acting within the course and scope of such agency and with the permission and consent of its co-defendants.  Each of the defendants ratified and/or authorized the acts of the other defendants.

11.     Defendants and each of them are liable for the acts herein alleged in that each defendant contributed to Plaintiff's injuries and to the unlawful employment practices by actual participation in acts of discrimination, by encouraging or condoning said acts of discrimination and or take corrective action with regard to such discrimination despite being in a position of authority which would have enabled said defendants to do so.

### IV.  GENERAL ALLEGATIONS

12.     Over the course of eight years, Plaintiff served as a Medical Director of three child psychiatry clinics and as an assistant clinical professor who supervised psychiatry trainees.  He was employed in a permanent position by the City in the San Francisco DPH from July 14, 1994 to September 20, 2002.

13.      The Plaintiff had an impeccable record of employment, always receiving satisfactory or better performance evaluations and never a subject of any disciplinary action.

COMPLAINT FOR DAMAGES AND
REQUEST FOR INJUNCTIVE RELIEF          3
(CIVIL RIGHTS)

14. Throughout the years of his employment, Plaintiff was well liked and respected by his peers, and enjoyed an excellent reputation in his profession and in the community.

15. Plaintiff is double Board-certified in child and adolescent psychiatry and in adult psychiatry, and was the only Spanish-speaking child psychiatrist in CYF Services.

16. On September 3, 2002, Dr. Kreutzer verbally complained about a new DPH policy that appeared likely to endanger the health and well-being of patients.

17. Immediately thereafter, Dr. Katz, the City's Director of Public Health, without cause ordered and authorized the discharge of Plaintiff.

18. On September 6, 2002, Barbara Garcia, the City's Deputy Director of Health, by letter, informed Plaintiff that his services were no longer needed and terminated his employment, effective September 20, 2002.

19. Plaintiff is informed and believes and therein alleges that Dr. DeRaneiri, his immediate supervisor, participated and was instrumental in the discharge of Plaintiff. Dr. DeRaneiri announced the City's new "Policy/Procedure and Protocol For Clinical Pharmacists" to physicians at the September 3, 2002 meeting in which Dr. Kreutzer complained about it. Dr. DeRaneiri explained that given the shortage of child psychiatrists, this new policy would authorize pharmacists to directly prescribe medications to psychiatric patients. In practice, the new policy would save DPH money because DPH would bill Medi-CAL for prescriptions issued by a pharmacist as if a physician had delivered the medical care.

20. Plaintiff reasonable believed that the new policy would not adequately safeguard the patient's right to medical care and treatment by a physician. Plaintiff voiced his gravest concerns about the shortcomings of the new policy, which effectively allowed pharmacists to

COMPLAINT FOR DAMAGES AND
REQUEST FOR INJUNCTIVE RELIEF           4
(CIVIL RIGHTS)

prescribe psychotropic medicines to severely disturbed children without adequate supervision of a physician. Dr. Kreutzer told his supervisor and others at the same meeting that a pharmacist is not licensed to practice child psychiatry, and that the legal role and responsibilities of members of the two professions are distinct. Furthermore, Dr. Kreutzer expressed doubts that the new policy was legal, and persistently asked how a pharmacist could perform the work of a child psychiatrist, who is a physician.

21. On September 6, 2003, just three days after Dr. Kreutzer had spoke out against the policy, Barbara Garcia, Defendant's Deputy Director of Health, by letter, and without cause, terminated Plaintiff's employment. Despite a longstanding shortage of qualified child psychiatrists at DPH, Garcia stated: "Your services are no longer needed."

22. Defendants terminated Dr. Kreutzer's employment in retaliation for his complaints about the new Policy/Procedure and Protocol for Clinical Pharmacists.

## V. **VIOLATION OF CIVIL RIGHTS**
**(Violations of 42 U.S.C. § 1983; the First Amendment to the U.S. Constitution)**

23. In doing the acts complained of herein, Defendants acted illegally under color of law to deprive Plaintiff of his constitutionally protected right to freedom of expression as guaranteed by the First Amendment to the United States Constitution.

24. The Plaintiff's right to engage in protected disclosures and to speak freely on matters of public concern was clearly established according to the common law at all times relevant to this complaint.

25. The Plaintiff made the above-referenced complaints and disclosures in order to perform his duty as a physician, and to protect the health and safety of the patients.

COMPLAINT FOR DAMAGES AND
REQUEST FOR INJUNCTIVE RELIEF          5
(CIVIL RIGHTS)

26. The Defendants were aware that Plaintiff's right to make such complaints and disclosures were protected by law, but nonetheless, terminated Plaintiff's employment after eight years of loyal and able service.

27. The termination has caused Plaintiff to suffer injury, damage, loss and harm, including loss of income and economic benefits, loss of future employment opportunities, caused great public embarrassment, pain, suffering, public humiliation and damage to his professional reputation.

## VI. RELIEF REQUESTED

Wherefore, the Plaintiff prays for relief as follows:

1. For general damages in an amount to be proven at trial;

2. For special damages in a sum according to proof;

3. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and other applicable law;

4. For the costs of suit herein incurred; and

5. For such other and further relief as the Court deems just and proper.

Dated: September 13, 2004                    LAW OFFICES OF MICHAEL S. SORGEN


By_____
    Michael S. Sorgen
    Attorney for Plaintiff

COMPLAINT FOR DAMAGES AND
REQUEST FOR INJUNCTIVE RELIEF            6
(CIVIL RIGHTS)